UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 00-4325

WAAJID PIERCE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-157)

Submitted: February 28, 2001

Decided: March 23, 2001

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, George H.
Lancaster, Jr., Assistant Federal Public Defender, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Samuel D. Marsh, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Waajid Pierce appeals his convictions and sentence, pursuant to a guilty plea, for conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 2000), and possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). On appeal, Pierce argues that the district court erred in denying his motion to dismiss the indictment based upon pre-indictment delay that he alleges violated his Sixth Amendment right to a speedy trial, and that his five-year term of supervised release violates the principles of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Finding no error, we affirm.

Pierce argues that the seventeen month delay between the time the federal complaint and arrest warrant issued and the date of his arrest violates his Sixth Amendment right to a speedy trial. We find that Pierce's right to a speedy trial was not triggered until he had actually been arrested by federal authorities. We have held that "[t]he speedy trial right does not apply to . . . pre-indictment delay because that right does not attach until the defendant has been indicted or arrested." *Jones v. Angelone*, 94 F.3d 900, 906 n.6 (4th Cir. 1996). The Supreme Court has held that the "Sixth Amendment right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution." *Doggett v. United States*, 505 U.S. 647, 655 (1992). The Sixth Amendment protection is triggered by arrest, indictment, or other official accusation. *Id.* In *United States v. Marion*, 404 U.S. 307, 321 (1971), the Court "decline[d] to extend the reach of the amendment to the period prior to arrest." We thus find that the time period Pierce argues was impermissible pre-indictment delay is not protected by the Sixth Amendment provision for a speedy trial. Therefore, the district court did not err in denying the motion to dismiss the indictment.

Next, Pierce argues that his five-year supervised release term exceeded that allowable under § 841(b)(1)(C), and therefore violates *Apprendi*. Pierce did not raise this issue in the district court, therefore it is reviewed for plain error. *United States v. Olano*, 507 U.S. 725 (1993). Pierce was sentenced under the penalty provisions of § 841(a)(1)(A), because the court attributed 124 grams of cocaine base to him. Under § 841(b)(1)(A), the minimum term of supervised release is five years. Pierce argues that because the drug amount was not charged in the indictment, the term of supervised release imposed should be under § 841(b)(1)(C). The minimum term of supervised release under that section is three years.

This court recently rejected a similar argument, holding that "where a statute's mandatory minimum term of supervised release is the same as, or exceeds, § 3583's maximum terms, § 3583's maximum terms do not apply." *Pratt*, 2001 WL 101457, at *7 (4th Cir. Feb. 7, 2001). Thus, Pierce's five-year supervised release term does not exceed the maximum term of supervised release provided in § 841(b)(1)(C) and does not run afoul of *Apprendi*. *Id.* He therefore has shown no plain error. *Pratt*, 2001 WL 101457, at *6.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*